UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

IN RE:                              )
                                    )    Chapter 13
BRENDA SUE DUFFY and                )
MARK ALLAN DUFFY                    )    Bankruptcy No. 07-01665
                                    )
     Debtors.                       )

**ORDER RE: APPLICATION BY DEBTORS' ATTORNEY
FOR ALLOWANCE OF SUPPLEMENTAL
FEES AND EXPENSES**

This matter came before the undersigned on March 24, 2009 on the Application by Debtors' Attorney for Allowance of Supplemental Fees and Expenses. Debtors Brenda Sue Duffy and Mark Alan Duffy were represented by David Nadler. Carol Dunbar appeared as Chapter 13 Trustee. After hearing arguments of counsel, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

**STATEMENT OF THE CASE**

Attorney David Nadler requests additional compensation for services rendered as counsel for Debtors. Trustee filed an objection.

**FINDINGS OF FACT**

Attorney David Nadler has represented Debtors throughout their Chapter 13 case. On January 22, 2008, the Court awarded Mr. Nadler fees of $1,312.50. Mr. Nadler requests additional compensation for services rendered through January 26, 2009. His application includes attorney fees of $3,044.25 and expenses of $70.42, or a total of $3,114.67. Mr. Nadler billed 13.4 hours of work since the confirmation hearing at a rate of $227.18 per hour. Trustee calculates that unsecured creditors will receive approximately 37.77% under the plan if the Court approves Mr. Nadler's additional compensation.

**CONCLUSIONS OF LAW**

The Court has broad power and discretion to approve or deny attorney fees. In re Clark, 223 F.3d 859, 863 (8th Cir. 2000). The Bankruptcy Code states that a court will award "reasonable compensation" for "actual, necessary" services and expenses.

Stalnaker v. DLC, Ltd., 376 F.3d 819, 825 (8th Cir. 2004).  This District has set a base attorney fee of $1,750 for Chapter 13 cases.  The base fee amount is presumptively acceptable without the need for formal application and notice under Rule 2016(a). Bankr. N.D. Iowa L.R. 2016-1(b).

If a debtor's attorney seeks fees above the presumptively acceptable base amount, the court must follow § 330(a) and Rule 2016(a).  Id.; In re Sherrets, No. 05-07276, 2006 WL 1806341, at *2 (Bankr. N.D. Iowa June 27, 2006).  This requires the application of the conventional lodestar analysis.  Id.  "The lodestar method, calculated as the number of hours reasonably expended multiplied by a reasonable hourly rate, is the appropriate calculation of fees."  In re McKeeman, 236 B.R. 667, 671 (B.A.P. 8th Cir. 1999).  Section 330(a) states that bankruptcy courts should consider the following factors:

   a.   time spent;
   b.   rates charged for similar services;
   c.   whether the fees were necessary and beneficial to the administration and completion of the case;
   d.   whether the services were performed within a reasonable time given the "complexity, importance and nature of the problem";
   e.   the attorney's skill and expertise in the bankruptcy field;
   f.   whether the fee is reasonable based on the customary compensation of comparable practitioners.

11 U.S.C. § 303(a)(3).  The Court will also consider the quality of representation and the results obtained.  In re Apex Oil Co., 960 F.2d 728, 732 (8th Cir. 1992).

Attorneys must exercise reasonable billing judgment.  In re Nilges, 301 B.R. 321, 325 (Bankr. N.D. Iowa 2003).  Activities that are professional in nature but do not require the skills of an attorney will not receive compensation at an attorney rate. Id.  Activities that are purely clerical or require no professional skills are not compensated.  In re Rubber Development, Inc., No. 98-03432, slip op. at 2 (Bankr. N.D. Iowa Apr. 24, 2000) (finding that paralegal fees for reviewing attorney work, noting deadlines on attorney calenders, and review of court orders was clerical in nature and not compensable).

## ANALYSIS

Trustee objects to Mr. Nadler's application on two grounds. First, she objects to the rate of compensation which she

characterizes as "excessive." Second, Trustee objects to 0.4 hours billed to "prepare service of modified plan and notice."

On January 22, 2008, this Court approved Mr. Nadler's attorney fees at a rate of $72.92 per hour. According to his attorney fee application, Mr. Nadler requests additional compensation for services rendered after plan confirmation at a rate of $227.18 per hour. At the hearing, Mr. Nadler agreed to reduce his fee to $138.50 per hour, the rate at which he asserts he originally accepted Debtors' bankruptcy case. The Court finds that, based on the loadstar factors, $138.50 per hour is a reasonable rate for Mr. Nadler's services post-confirmation.

Trustee asserts that 0.4 hours billed to "prepare service of modified plan and notice" was purely clerical and should not be compensable. The preparation of a service of notice does not require the skills of an attorney so Mr. Nadler will not be compensated for this time.

In summary, this Court approves total additional attorney fees of $1,800.50 ($138.50 per hour x 13.0 hours) plus $70.42 for expenses.

**WHEREFORE**, the Application by Debtors' Attorney for Allowance of Supplemental Fees and Expenses is GRANTED IN PART.

**FURTHER**, Attorney David Nadler is granted total additional compensation of $1,870.92, of which $1,800.50 is fees and $70.42 is expenses, to be paid through Debtors' Chapter 13 Plan.

**FURTHER**, judgment shall enter accordingly.

Dated and Entered:
 March 31, 2009

_____
Paul J. Kilburg
Bankruptcy Judge