IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 13 |
| BRENDA SUE DUFFY, ) | |
| MARK ALAN DUFFY, ) | Bankruptcy No. 07-01665C |
| ) | |
| Debtors. ) | |

**ORDER RE: APPLICATION FOR ALLOWANCE OF
SUPPLEMENTAL FEES AND EXPENSES**

This matter came before the undersigned on June 30, 2011 on the Application for Allowance of Supplemental Fees and Expenses for Attorney for Debtors. Debtors Brenda Sue Duffy and Mark Alan Duffy were represented by David Nadler. Michael Dunbar appeared as Chapter 13 Trustee. After hearing arguments of counsel, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

**STATEMENT OF THE CASE**

Attorney David Nadler requests additional compensation for services rendered as counsel for Debtors. Trustee filed an objection.

**FINDINGS OF FACT**

Attorney David Nadler has represented Debtors throughout their Chapter 13 case. This Court first approved payment to Mr. Nadler of $1,312.50 in fees on January 22, 2008, based on a rate of $72.92 per hour. Mr. Nadler later received $1,800.50 in fees and $70.42 in expenses on March 31, 2009. In the second application, Mr. Nadler billed his services at $227.18 per hour. Upon Trustee's objection, however, Mr. Nadler agreed to reduce his fee to $138.50 per hour. According to Mr. Nadler, this was the rate at which he originally accepted Debtors' bankruptcy case. This Court accepted that lower rate, indicating that, "based on the lodestar factors, $138.50 per hour is a reasonable rate for Mr. Nadler's services post-confirmation." In re Duffy, No. 07-01665, 2009 WL 909256, at *2 (Bankr. N.D. Iowa May 31, 2009).

On May 18, 2011, Attorney Nadler filed another Application for Allowance of Supplemental Fees and Expenses for Attorney for Debtors, seeking allowance of additional fees in the amount of $1,960.00 and expenses of $12.86, for a total amount of $1,972.86. Mr. Nadler's fees include 9.8 hours of work at $200.00 per hour. Trustee objects, noting that the only court activity since this Court's last approval of fees and expenses was an amendment to Schedule F on July 9, 2009, at docket no. 89. Trustee also seeks clarification of entries on May 13, 2009 and May 18, 2010.

## CONCLUSIONS OF LAW

The bankruptcy court has broad discretion to approve or deny attorney fees. In re Clark, 223 F.3d 859, 863 (8th Cir. 2000). "The burden is on the attorney to prove that the agreed compensation is reasonable." Id. Section 330(a)(1) of the Bankruptcy Code states that a court will award "reasonable compensation" for "actual, necessary" services and expenses. Stalkner v. DLC, Ltd., 376 F.3d 819, 825 (8th Cir. 2004).

This District sets a base attorney fee for Chapter 13 cases, which is an amount presumptively acceptable without the need for formal application and notice under Rule 2016(a). Bankr. N.D. Iowa L.R. 2016-1(b). The presumptively acceptable fee for this District has recently increased, although it is not retroactive to this case.

> For Chapter 13 cases that were filed between January 1, 2006 and December 31, 2009, the 'base amount' (the amount presumptively allowable) was $1,751.00. Effective March 3, 2010, the Court increased the base amount to $3,001.00. This new base amount applies retroactively to all cases filed on or after January 1, 2010. The provision was not made retroactive to cases filed before that date.

In re Matsen, No. 07-00941, 2010 WL 2176080, at *2 (Bankr. N.D. Iowa May 25, 2010).

Chapter 13 cases, the presumptively allowable amount is generally considered sufficient to compensate debtors' attorney for services during the life of the plan. In re Marvin, No. 08-02722, 2010 WL 2176084, at *2, 3 (Bankr. N.D. Iowa May 28, 2010). "These services include: counseling the debtors; preparing

2

and filing the debtors' petition, schedules, and Chapter 13 plan; attending the creditors' meeting and the confirmation hearing; reviewing claims; and filing amendments and motions related to the Chapter 13 plan."  Id.

If a debtor's attorney seeks fees above the presumptively acceptable amount, the court applies § 330(a) and Rule 2016(a).  Stalkner, 376 F.3d at 825; In re Sherrets, No. 0507276, 2006 WL 1806351, at *2 (Bankr. N.D. Iowa June 27, 2006). This requires the application of the conventional lodestar analysis.  Id.  "The lodestar method, calculated as the number of hours reasonably expended multiplied by a reasonable hourly rate, is the appropriate calculation of fees."  In re McKeeman, 236 B.R. 667, 671 (B.A.P. 8th Cir. 1999).  Section 330(a) states that bankruptcy courts should consider the following factors:

a. Time spent;

b. Rates charged for similar services;

c. Whether the fees were necessary and beneficial to the administration and completion of the case;

d. Whether the services were performed within a reasonable time given the "complexity, importance and nature of the problem";

e. The attorney's skill and expertise in the bankruptcy field; and

f. Whether the fee is reasonable based on the customary compensation of comparable practitioners.

11 U.S.C. § 303(a)(3).  "[T]ime spent 'handholding' or reassuring debtors, or on matters which do not require attorney services, [however,] are simply not compensable at an attorney's regular hourly rates."  Marvin, 2010 WL 2176084, at *3 (citing In re Michels, No. 03-00316, 2004 WL 1718074, slip op. at *3) (additional citation omitted).  Additionally, "vagueness in billing statements is prohibited.  No compensation will be granted for work performed which is inadequately explained."  In re Simon, No. 94-21591KD, slip op. at 2 (Bankr. N.D. Iowa April 23, 1997).  The court will not indulge in guesswork or undertake extensive labor to justify fees not justified in the application itself.  Id.

3

## ANALYSIS

Mr. Nadler provided Debtors with the basic services required in a Chapter 13 case. The presumptively reasonable amount for this case at the time of filing was $1,751.00. While the new presumptive rate is not retroactive for this case, it is now $3,001.00. Before Mr. Nadler's most recent request, this Court awarded fees of $3,183.42. The issues in this case were not novel or complex and did not require special skills or experience of Debtors' attorney.

Without making a line-by-line analysis of the itemization, this Court is concerned with the lack of detailed descriptions of both Mr. Nadler's fees and out-of-pocket expenses. When given the opportunity to further explain the charges, Mr. Nadler did not provide substantial details about the entries. Accordingly, this Court has little basis to judge the merits of the entries and how they are related to the bankruptcy filing. Therefore, applying the lodestar analysis, including consideration of the fees typically charged in Chapter 13 cases, this Court concludes that allowing additional attorney fees to be paid through Debtors' Chapter 13 plan is not appropriate in this case. Mr. Nadler's award for the life of the plan remains at $3,183.42. In any future applications, Mr. Nadler will be required to present more detailed itemizations as well as explanations to persuade this Court that additional fees and expenses are necessary beyond what was already anticipated and allowed for the life of the plan.

**WHEREFORE**, the Application for Allowance of Supplemental Fees and Expenses for Attorney for Debtors is DENIED.

Dated and Entered: July 18, 2011

_____
Paul J. Kilburg
U.S. Bankruptcy Judge

4